Filed 6/6/25  P. v. Noa CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064540 |
| v. | (Super. Ct. No. 23WF1598) |
| DAVID TOI NOA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*      \*      \*

David Toi Noa stabbed Joseph P. in the chest. The People charged Noa with attempted murder; however, a jury convicted him of a lesser included offense: attempted voluntary manslaughter. The trial court imposed a 12-year prison sentence. Noa filed an appeal.

Under the procedures in *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Noa's counsel filed an opening brief identifying no arguable issues. Noa has not filed a supplemental brief on his own behalf. After independently reviewing the record, we affirm the judgment.

I.

BRIEF FACTS AND PROCEDURAL BACKGROUND

On May 16, 2023, Noa and Joseph were residents at a sober living house. At about 10:00 p.m., Joseph and his girlfriend Tiffany R., were arguing outside of the home. At one point, Joseph shoved Tiffany. Noa told Joseph, "You don't put hands on a woman." Noa and Joseph then got into a fistfight, which was broken up by other residents.

After being separated, Noa and Joseph continued to verbally argue. At one point, Noa left the area and went to his car. Moments later, a witness heard Joseph say, "'Ouch'" and "'Oh, my gosh. He stabbed me.'" Noa got in his car and drove away. Someone called the police.

An officer arrived at the location and spoke to Joseph, who was bleeding from his chest. Joseph told the officer that Noa "pulled out a knife and stabbed me." Joseph was taken to the hospital where he was treated for stab wounds to his chest and a cardiac injury.

The People filed an amended information charging Noa with attempted murder, a great bodily injury enhancement, and a personal use of

a weapon enhancement. The People further alleged that Noa had two strike priors and two serious felony ("nickel") priors.

Noa testified at trial. Noa said that when he and Joseph were fighting, Joseph pulled out a knife, which was later dropped during the scuffle. Noa said he picked up the knife and used it in self-defense.

The jury convicted Noa of the lesser included offense of attempted voluntary manslaughter, and found true the enhancements. At sentencing, the court struck one of the strike priors and one of the nickel priors. The court imposed an aggregate prison sentence of 12 years. Noa filed an appeal.

This court appointed counsel for Noa on appeal. Counsel filed an opening brief under the procedures set forth in *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738. Noa has not filed a supplemental brief.

## II.

## DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Appointed counsel directed this court's attention to one potential issue counsel had considered, but did not raise on appeal: "Whether there was

3

sufficient evidence presented to prove that Noa had the specific intent to kill Perez?" (See *Anders, supra,* 386 U.S. 738.)

This court has reviewed the record on appeal, and we find no arguable issues, including the potential issue identified by counsel. (See *People v. Johnson, supra,* 123 Cal.App.3d at p. 109 ["the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment"].)

III.

DISPOSITION

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

4